J-S84004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FREEDOM MORTGAGE CORP. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HASHEEM BASIL AND ALIYA BASIL | |
| APPEAL OF:  HASHEEM BASIL | No. 1521 EDA 2016 |

Appeal from the Judgment Entered April 1, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): December Term, 2009 No. 120900858

BEFORE:  OLSON, SOLANO and FITZGERALD,*  JJ.

JUDGMENT ORDER BY OLSON, J.:                **FILED DECEMBER 30, 2016**

Appellant, Hasheem Basil,[1] appeals *pro se* from the judgment entered on April 1, 2016.  We affirm.[2]

The factual background and procedural history of this case is as follows.  On November 12, 2009, Appellant and Aliya Basil (collectively "the Basils") executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Freedom Mortgage Corporation ("FMC").  That same day the Basils executed a promissory note in which

---

[1] The only notice of appeal filed in this case was filed on behalf of Hasheem Basil.  There was no notice of appeal filed on behalf of Aliya Basil.  **See** Notice of Appeal, 5/4/16, at 1.  We have updated the caption accordingly.

[2] Freedom Mortgage Corporation argues that, due to defects in Appellant's brief, we should dismiss or quash this appeal pursuant to Pennsylvania Rule of Appellate Procedure 2101.  The defects in Appellant's *pro se* brief do not hinder our appellate review and therefore we decline to quash or dismiss the appeal. **See  Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity**, 32 A.3d 800, 804 n.6 (Pa. Super. 2011) (*en banc*), *aff'd*, 91 A.3d 680 (Pa. 2014) (citations omitted).

---

* Former Justice specially assigned to the Superior Court

they agreed to pay $1571.64 per month in order to repay the loan secured by the mortgage. Thereafter, MERS assigned the mortgage to FMC. The Basils stopped making their required mortgage payments in December 2011.

On September 8, 2012, FMC instituted the instant mortgage foreclosure proceedings. On January 20, 2016, FMC filed a motion for summary judgment. On April 1, 2016, the trial court granted FMC's motion and entered judgment in favor of FMC and against the Basils. On April 4, 2016, the prothonotary noted on the docket that notice under Pennsylvania Rule of Civil Procedure 236 was given to the Basils.[3] This timely appeal followed.[4]

Appellant presents six issues for our review:

1. Can the [t]rial [c]ourt render *in rem* judgment for a debt collector?

2. Was Government National Mortgage Association the holder of the Note?

---

[3] FMC argues that on April 1, 2016 the prothonotary noted on the docket that Rule 236 notice was given to the Basils. Thus, FMC argues that Appellant's May 4, 2016 notice of appeal was untimely. The docket, however, reflects that the prothonotary noted on the docket that Rule 236 notice was given to the Basils on April 4, 2016 at 11:35 a.m. Accordingly, Appellant's notice of appeal was timely. *See In re L.M.*, 923 A.2d 505, 509 (Pa. Super. 2007) (citation omitted) ("[T]he 30–day appeal period is not triggered until the [prothonotary] makes a notation on the docket that notice of entry of the order has been given.").

[4] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Nonetheless, on June 27, 2016 the trial court issued an opinion explaining its rationale for granting FMC's motion for summary judgment.

3. Did the mortgage get separated from the [n]ote prior to the foreclosure action being commence[d]?

4. Does a mortgage being assigned alone nullify[] the enforceability of it?

5. Is Freedom Mortgage Corporation an Approved Document Custodian for Government National Mortgage Association?

6. Is Freedom Mortgage Corporation in possession of the original [n]ote?

Appellant's Brief at 5.

All six of Appellant's issues challenge FMC's standing.[5] It is well-settled that in order to preserve an issue relating to standing, the issue must be raised in preliminary objections or an answer. *In re Estate of Alexander*, 758 A.2d 182, 189 (Pa. Super. 2000) (citation omitted). In this case, Appellant did not file preliminary objections nor did he raise the issue of standing in his answer. See generally Appellant's Amended Answer, 5/17/15. Accordingly, Appellant has waived all six of his issues.[6]

Judgment affirmed.

---

[5] Appellant argues his first issue challenges the trial court's subject matter jurisdiction. This argument is without merit. The issue challenges FMC's standing. *Cf. Grimm v. Grimm*, 2016 WL 5408071, *3 (Pa. Super. Sept. 28, 2016) (discussing the difference between subject matter jurisdiction and standing). Moreover, we conclude that the trial court possessed subject matter jurisdiction over this matter.

[6] In the argument section of his brief, Appellant raises a seventh issue, *i.e.*, that FMC failed to fulfill the conditions precedent to filing a mortgage foreclosure action. This argument is waived as it was not included in his statement of questions involved section of his brief. *See* Pa.R.A.P. 2116(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2016